**FIRST BAPTIST CHURCH OF REDLAND, et al. v. WARD et al.    (No. 460.)**

(Court of Civil Appeals of Texas. Waco. Jan. 6, 1927. Rehearing Denied Feb. 10, 1927.)

1. **Religious societies** ⟨key⟩11, 14—**Baptist Church's rules of organization bind courts, and majority to those present and voting at regular conference controls local church's internal affairs.**

Rules and regulations governing organization of Baptist Church are binding on state courts, and majority of those present and voting at regular church conference controls internal affairs of local church.

2. **Religious societies** ⟨key⟩23(3)—**Minority of Baptist Church members lose rights in church property on withdrawal of, or from majority.**

Under Baptist Church's rules of organization, binding on state courts, minority from whom majority of local church members withdraw fellowship, or who withdraw from majority, lose their rights in church property.

Appeal from District Court, Leon County; Carl T. Harper, Judge.

Action by the First Baptist Church of Redland and others against E. R. Ward and others. From the judgment rendered, plaintiffs appeal. Reversed and rendered.

M. L. Bennett, of Normangee, and Joe H. Seale, of Centerville, for appellants.

Jas. T. Ryan, of Centerville, and S. W. Dean, of Navasota, for appellees.

BARCUS, J. This suit was instituted by the trustees and deacons of the First Baptist Church of Redland against appellees E. R. Ward, R. L. Neyland, W. I. Taylor, and L. C. Wall, in trespass to try title to four acres of land on which a Baptist Church is built at Redland, and for an injunction restraining appellees from using said church building or from in any way interfering with appellants in the use thereof. Appellees filed a general demurrer and a general denial. The cause was tried to the court and resulted in a judgment refusing appellants the relief prayed for, and the court rendered the following judgment:

"It is ordered, adjudged, and decreed by the court that the plaintiff, the First Baptist Church of Redland, a voluntary association of persons, acting herein by its trustees, W. D. Chandler and W. T. Evans. together with F. M. Simms, Herbert Evans, and Pleas Etheredge as members of said church, and the defendants E. R. Ward, R. L. Neyland, W. I. Taylor and L. C. Wall, do have the right to use said church and premises for all church purposes, but to be at such times as the same will not conflict."

Appellants contend that the judgment of the trial court is supported neither by pleading nor evidence, and further contend that under the undisputed facts appellees are not entitled to either the use or the occupancy of the premises for any purpose.

The First Baptist Church at Redland was organized in about 1902. It was known as the Baptist Church of Redland and as the Redland Baptist Church, and in 1923 it was incorporated under the name of the First Baptist Church of Redland. In 1915 it had about 65 members, and during the time of its existence it had purchased the property in controversy. It appears that in 1915 there arose a dissension between the members of the church, and in December, 1915, at a regular church conference, a majority of those present called as their pastor, Rev. E. E. Rogers, and this church conference then adjourned. Thereafter, E. R. Ward, who was acting as moderator during the meeting of the conference when the pastor was called, announced that in the afternoon of the same day at 3 o'clock there would be held a church conference, and in response thereto several members met and passed a resolution, under the terms of which they condemned the action of the majority in calling Mr. Rogers as the pastor of the church, and in effect asked Mr. Rogers not to accept. The last paragraph of the resolution stated:

"Whereas, the day and church record rightly belongs to us, but rather than have any conflict we will give up the day and the record for the sake of peace."

On March 11, 1916, the Redland Baptist Church met in a regular church conference and, as stated in its minutes, "dismissed from their fellowship R. L. Neyland and E. R. Ward," and on July 1, 1916, at a regular church conference, as stated in its minutes, "dismissed W. I. Taylor and wife (and a number of other members of the church, naming them) for nonfellowship and for treating the church with contempt." Appellee L. C. Wall testified that he was a member of the Red-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

land Baptist Church in December, 1915, at the time they called Mr. Rogers, but that he had never affiliated with them since that time and never recognized Mr. Rogers as his pastor. The appellees R. L. Neyland, E. R. Ward, and W. I. Taylor all testified that they knew they had been "expelled" or "turned out" of the Redland Baptist Church. It appears that Mr. Rogers accepted the call as pastor of the church and served about two years, and that those who remained with him in the church have continued in control thereof and have been holding services regularly since said time. The minority, represented by appellees, occasionally held services in the church, and since 1921 they have been holding services rather regularly and have held a revival meeting or two. It appears that the two factions have at all times been very unfriendly and have refused to recognize or worship with each other, and just prior to the time this litigation was instituted in February, 1926, one faction locked the doors against the other.

It appears that the Baptist Churches are congregational in their form, and that each church organization is a law unto itself and no other Baptist Church, association, or organization can in any manner control its affairs. A majority of those present and voting at any regular conference of a Baptist Church have the power to call a pastor when they have none, and by the same method they can withdraw fellowship from or expel any member from the church.

[1, 2] Our courts have uniformly held that the rules and regulations governing the Baptist Church in its organization are binding upon the state courts, and that a majority of those present and voting at any regular church conference can control the internal affairs of the local church, and that when a majority withdraw fellowship from the minority, or minority of the members are dissatisfied and withdraw from the majority, they thereby lose their rights in and to the church property. First Baptist Church v. Fort, 93 Tex. 215, 54 S. W. 892, 49 L. R. A. 617; Jarrell v. Sproles, 20 Tex. Civ. App. 387, 49 S. W. 904 (writ refused); Gipson v. Morris, 36 Tex. Civ. App. 593, 83 S. W. 226 (writ refused); Stogner v. Laird (Tex. Civ. App.) 145 S. W. 644 (writ refused). It being an admitted fact that the Redland Baptist Church in 1916 "dismissed" or withdrew fellowship from appellees Neyland, Ward, and Taylor, and appellee Wall having testified that he did not consider himself a member, none of them have any right to the occupancy or control of said church property and have no right to demand any recognition at the hands of the membership of said church, and the trial court was in error in rendering judgment giving them the right to use and occupy said building. Under the undisputed facts in this case, the trial court should have rendered judgment for appellants.

The judgment of the trial court is reversed, and judgment is here rendered restraining appellees from in any way using the property described in appellants' petition, known as the Redland Baptist Church, in Leon County, and restraining appellees from in any way interfering with appellants' use thereof.