## FORT WORTH PRIMITIVE BAPTIST CHURCH et al. v. FISHER et al.

### No. 15206.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 16, 1951.

Rehearing Denied March 16, 1951.

Martin, Moore, Brewster & Dean, of Fort Worth, for appellants.

Freeman & Ward, of Fort Worth, for appellees.

CULVER, Justice.

This suit was brought by appellants W. L. Barrett, Gus Jeter, and others, for themselves individually, and for all others similarly situated claiming to be the duly accredited representatives of the Fort Worth Primitive Baptist Church, and with authority to sue for and in behalf of the Church, a corporation. The defendants below and appellees here are F. S. Fisher, the Minister of said church, and certain others named as acting officials of the church. Appellants allege that the church house was acquired by the church in September, 1937, and was shortly thereafter dedicated to the use of the church according to the fundamental doctrine and faith of the Primitive Baptist Church founded upon the Bible, the London Confession of Faith of 1689, and pronouncements of the Primitive Baptists at Fulton, Kentucky, in 1900, and of the Dallas Convention of 1926. It is charged that Elder Fisher, one of the appellees, elected minister of the church in 1949, preached and advocated doctrines which were heretical and contrary to the fundamental beliefs to which the Fort Worth Primitive Baptist Church was dedicated, (1) by admitting and retaining members in the church without proper baptism; (2) that he criticized the London Confession of Faith and other fundamental beliefs of the church. The appellants claimed to be the true representatives of the church and owners of the property involved and that the appellee faction was holding the same as trespassers. They prayed for judgment for title and possession of the property and for injunction to prevent interference. On trial of the case to the court, after the introduction of much evidence, both oral and documentary the court entered judgment denying appellants all relief prayed for. A complete record is before us with no findings of fact or conclusions of law made by the trial court.

Appellants contend that judgment should be rendered in their favor for the reasons, (1) that the undisputed evidence showed the church property to have been expressly dedicated for worship according to the fundamental principles and doctrines of the Primitive Baptist denomination, and that the defendants were using the same for the advocacy of doctrines that were contrary to such fundamental beliefs and principles, and, (2) that the council of sister churches of the Primitive Baptist denomination in this area in accordance with the rules and fundamental doctrines of such denomination found that appellants were the true representatives of the Fort Worth Primitive Baptist Church and that appellees having departed from the true fundamental principles and characteristics of the denomination were no longer to be recognized as members of that church, and further, that such findings of the council were thereafter adopted by the individual churches represented.

The minutes and records reveal that in 1928 the Sycamore Heights Primitive Baptist Church united with the Laodicia Primitive Baptist Church and was thereafter known as the Laodicia Sycamore Heights Church. Later, it seems, that this church was known as the Glenwood Primitive Baptist Church. In 1937, a lot was purchased, a building erected and the name of the church changed to the Fort Worth Primitive Baptist Church. Appellants contend that at the dedication services, Elder Barrett, one of the appellants and the then pastor, dedicated the church for worship according to the fundamental

principles and doctrines of the Primitive Baptist denomination and particularly according to the "London Confession of Faith," presenting the congregation with a copy of such "Confession of Faith." In proof thereof, appellants produced the minutes of that dedication service which admittedly were not reduced to writing until the present schism arose and shortly before the filing of this suit. It may be said that under such circumstances this portion of the minutes is not entitled to any more weight than the oral testimony of Elder Barrett. The evidence conflicted on this point, as indeed it did on all issues of fact raised during the trial. Those present at the dedication service had no recollection of any reference made on that occasion to the "London Confession of Faith." The appellees denied the advocacy or practice of "alien baptism" or that they had departed in any degree from the established principles and doctrines of the Primitive Baptist denomination. Only two persons were mentioned as having been received into the church without proper baptism, one of whom was later baptised in due form, the other withdrawing her application for membership. Appellants offered testimony to the effect that Pastor Fisher had spoken slightingly of the London Confession of Faith by saying in substance that the men who formulated such Confession were not infallible and that it might be subject to change by some Divine Revelation yet to be received. The evidence does not seem to be convincing of any radical departure from the "ancient landmarks" or a rejection of the fundamental principles of the Primitive Baptist Church by the appellees. The proceedings of the 1926 Dallas Convention of Primitive Baptists to which appellants subscribed, set forth as the first principle of doctrine, "the Old and New Testament Scriptures are the perfectly inspired Word of God and the only infallible standard of faith and practice."

The evidence, both oral and documentary, shows almost without dispute that the Primitive Baptist denomination has always held strongly to the congregational form of government having no higher ecclesias-tical authority to redress or reprove. Local churches of that denomination associate themselves together in voluntary associations and conventions, but the action of such is advisory only. Referring to the "general address" issued by the Fulton Convention in 1900, par. 4 reads as follows: "The right of an individual church to discipline her members is clearly taught in the Scriptures. From the decision of an orderly church in matters of discipline, there is no appeal." In an article in the Primitive Baptist Standard of June 1, 1950, Elder W. L. Barrett, evidently one of the appellants, writes: "There is undoubtedly a very close relationship between local churches, and misconduct in the members of one local church is sometimes very embarrassing to those of the members of more faithful churches, and such incidents are sometimes grievous to be borne; but since the Scripture gives no local church a right to deal with a sister church, either by command or precept, * * * we are left with no choice except to continue to deport ourselves properly in our own local body and bear the reproach until our sister church repents." The London Confession of Faith, Ch. 26, Sec. 15, reads: "Cases of difficulty or differences, either in point of doctrine or administration, wherein either the churches in general are concerned, or any one church, in their peace, union, and edification, * * * it is according to the mind of Christ that many churches holding communion together do by their messengers meet to consider and give their advice in or about the matter in difference, to be reported to all the churches concerned; howbeit these messengers assembled are not intrusted with any church power, properly so called; or with any jurisdiction over the churches themselves, to exercise any censure either over any churches or persons, or to impose their determination on the churches or officers."

It is admitted that the appellants constituted a minority, not over one-third, of the membership of the Fort Worth Primitive Baptist Church. In fact the appellants Barrett and the Jeters had before the filing of this suit withdrawn their

**380**

membership and joined another church. The law is clearly set forth in 36 Tex. Jur. 864–866, inclusive, which need not be quoted here. The leading case in Texas, and controlling of all points raised in this appeal, is First Baptist Church of Paris v. Fort, 93 Tex. 215, 54 S.W. 892, 49 L.R.A. 617; others generally to the same effect are Jarrell v. Sproles, 20 Tex.Civ.App. 387, 49 S.W. 904, and First Baptist Church of Redland v. Ward, Tex.Civ.App., 290 S.W. 828.

Finding no error the judgment of the trial court is in all things affirmed.