**Herbert H. ADISE, Plaintiff,**

v.

**James A. MATHER et al., Defendants.**

**Civ. A. No. C–2397.**

United States District Court,
D. Colorado.

Sept. 15, 1972.

Brenman, Sobol & Baum, by Arthur L. Fine, Denver, Colo., Pomerantz, Levy, Haudek & Block by Daniel W. Krasner, New York City, associated with Brenman, Sobol & Baum Denver, Colo., for plaintiff.

Sanford B. Hertz, Denver, Colo., for defendants, Mather, Shearson, Levinson, Foltz and Mr. Steak, Inc..

Holland & Hart by Edwin S. Kahn, Denver, Colo., for defendant, Eastman Dillon.

## ORDER

CHILSON, District Judge.

This matter is before the Court on the plaintiff's motion for an order determining that this action may be maintained as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.[1]

Voluminous briefs have been filed and oral argument had and the Court is now duly advised.

---

1. Rule 23(a) provides:

"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

The subject matter of the action is the plaintiff's purchase on June 30, 1969, of 200 shares of an initial public offering of Mr. Steak common stock at $31.50 per share. The initial offering was first made April 22, 1969, after the S.E.C. declared effective the registration statement which contained a prospectus. While the public offering price on April 22, 1969, was $15 per share, plaintiff paid $31.50 per share in the after market and on December 1, 1969, sold for $8.00 per share.

Plaintiff seeks to maintain the action as a class action on his own behalf and representatively on behalf of all purchasers who purchased the common stock of Mr. Steak, pursuant to the public offering on April 22, 1969, or in the over-the-counter market between April 22, 1969, and August 1969.

The action was originally started on February 27, 1970, in the Southern District of New York. Upon motion of some of the defendants, an order was entered June 22, 1970, transferring the action to this district.

In February 1971, an amended complaint was filed pursuant to this Court's order and on November 23, 1971, the motion for an order determining that the action may be maintained as a class action was filed.

The amended complaint states three claims for relief.

The first asserts claims pursuant to Sections 11 and 12(2) of the Securities Act of 1933, (15 U.S.C. §§ 77k, 77l); the second is based on SEC Rule 10b-5 and the third asserts claims based on alleged violations of "common law as well as statutory duties owed by them (defendants) to plaintiff and every member of the class."

The defendants oppose the motion on the following grounds: that the motion was not timely filed; that the plaintiff will not fairly and adequately represent and protect the interests of the class; that the questions of law or fact common to the members of the class do not predominate as required by Rule 23(b)(3); and that a class action is not superior to the other available methods for the fair and efficient adjudication of the controversy because of the difficulties likely to be encountered in the management of the action as a class action.

## TIMELY FILING OF THE MOTION

■ Rule 23(c)(1) provides:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

No motion for such determination was filed until November 1971, some 21 months after the institution of the action in February 1970.

The effect of the plaintiff's delay in filing the motion is evident. More than two years has elapsed since the action was started, the class action question is just now being determined, discovery is not completed, and a trial date is not in sight.

Rule 23(b)(3) provides:
"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
"(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action."

The question is whether or not the Court, in the exercise of its discretion, should overlook or condone this delay.

The Court is aware of the necessity for the expeditious disposition of litigation if the Courts are not to become bogged down by case load accumulations. The Court is also aware that the disposition of class actions is becoming an increasingly difficult problem in this district and others.

Since July 1966, when Rule 23 was amended, to and including 1971, there was filed in the Southern District of New York, 1339 class actions. Of these, 1003 were still pending at the end of 1971. None had been tried and only 336 had been settled. Of the class actions filed in 1966, more than 53% were still pending five years later. (See report of the Special Committee of the American College of Trial Lawyers on Rule 23, approved by the Board of Regents on March 15, 1972.)

That other districts may be experiencing similar problems is evidenced by the fact that the Administrative Office of the United States Courts is now in the course of compiling statistics from the district courts on class actions for the announced reasons that:

> "Civil litigation filed under Rule 23 F.R.C.P. appears to be increasing and there is a general opinion that such civil cases are widespread."

It has long been the policy of the judiciary as declared by the Judicial Conference of the United States that every case pending three years and appropriate for trial should be regarded as a judicial emergency. (See 1961 Reports of the Proceedings of the Judicial Conference of the United States, Page 63.)

Delay in bringing the class action question before the Court delays the pretrial proceedings and the ultimate disposition of the litigation. Such has been the result in the instant case. We cannot and should not condone the delay.

The motion was not timely filed and for this reason should be denied.

## PLAINTIFF WILL NOT FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

At the time of the oral argument on March 10, 1972, plaintiff's counsel stated:

> "Now we say the income statements in the prospectus is false. Our target is as narrow as that, and even narrower than that is the fact that the falsification we say consists in a misstatement of the most important item in the prospectus; to wit, the alleged income or revenues of the issuing company." (Tr. P. 5.)

> "In the course of our discovery of the auditors, Haskins & Sells, we come upon a very tell-tale document . . . it said . . . *that this representation of income by Mr. Steak unqualified was plain bad accounting and plain wrong.*" (Emphasis supplied.) Tr. P. 7.

The prospectus of April 22, 1969, contains the certification of an accounting firm, Haskins and Sells, certifying that the balance sheet as of September 30, 1968, and related statements of income for the full year then ended, fairly present the financial position as of that date. The opinion was unqualified.

Section 11 of the Securities Act of 1933, (15 U.S.C. § 77k) authorizes action against a variety of persons, including an accountant who has consented to be named as having prepared or certified any part of the registration statement.

The plaintiff, when queried about the failure to include Haskins and Sells as a party defendant in this action replied in his deposition as follows:

> "Q. What accounting firm do you presently use in connection with your company?

> A. Haskins & Sells.

> Q. How long have you used Haskins & Sells as your accounting firm for your public company?

> A. Since 1961.

Q. For the past 11 years, they have done satisfactory work, as far as you know, in reporting the financial condition of your company?

A. To the extent I have been able to determine, yes." (Deposition pages 10 & 11.)

---

"Q. Did you make any decision with respect to whether Haskins & Sells would be included as a defendant in your lawsuit, Mr. Adise?

A. Yes. - - -

Q. Did you advise Mr. Fishman (one of the counsel for Mr. Adise) that Haskins & Sells also represents your company as your accountants?

A. He knew that.

Q. Did you advise him that you did not wish to bring them (Haskins & Sells) as a defendant in the lawsuit?

A. That is correct.

Q. Was that a condition of your authorizing the lawsuit to be filed?

A. No. That was simply a statement of fact.

Q. You have no intention of bringing them in at this time as a defendant; is that correct:

A. That is correct." (Deposition pages 55 & 56.)

---

"Q. Was your decision not to include Haskins & Sells made regardless of whether or not Haskins, in the context of this case, had committed a wrong?

A. Yes." (Deposition pages 59 & 60.)

Without question, there exists a serious conflict of interest between plaintiff and the other members of the class. The Court finds that because of this conflict of interest, the plaintiff has not and cannot fairly and adequately represent the interests of the class. For this reason, plaintiff's motion should be denied.

## COMMON QUESTIONS OF LAW AND FACT DO NOT PREDOMINATE OVER QUESTIONS AFFECTING ONLY INDIVIDUAL MEMBERS

█ Even if the motion had been timely filed, and the plaintiff was a proper representative of the class, we conclude the motion should be denied for other reasons we now discuss.

In Esplin v. Hirschi, 402 F.2d 94, the Tenth Circuit Court of Appeals, in discussing Rule 23, held that the rule should be liberally construed in determining whether or not a class action should be permitted.

With this in mind, we explore, with respect to this litigation, questions common to the class versus the questions affecting only individual members in this particular litigation.

The first statement of claim is in reality, two claims; one based on Section 12(2) and the other on Section 11 of the Securities Act of 1933, (15 U.S.C. §§ 77k and 77l).

Under Section 12(2), a purchaser may sue only the seller, while under Section 11, the purchaser may sue not only the seller of the stock, but also the directors of the issuer. Thus, in the instant case, the claim under Section 12(2) pertains only to the corporate defendants, Mr. Steak, Inc., and Eastman Dillon, while the claim under Section 11 pertains to the corporate defendants and the individual defendants who are alleged to have been directors.

There were more than 40 underwriters with offices in thirteen different states and the District of Columbia, who presumably sold stock (Prospectus, pages 21 to 23) and it can be expected that the issues of fact between Eastman Dillon and the plaintiff may be substantially different than the issues of fact between other members of the class and other underwriters. With the other underwriters not parties, we foresee difficulty in the determination of these issues.

Even so, if we had but the first statement of claim before us, under a liberal interpretation of the class action rule, we would permit the maintenance of a class action.

The second claim for relief is based on Rule 10b–5. Although this claim creates issues not common to the class particularly on the question of damages, if this were the only claim before the Court, the Court would feel compelled to permit its maintenance as a class action.

However, when we consider the second claim for relief in connection with the first claim for relief, even liberal application of Rule 23 makes it doubtful that the common questions predominate over the individual questions.

When we include in our consideration the third claim for relief based on violations of common law, and state statutory law, there is no question but that the individual questions overwhelmingly predominate over the common questions. This arises from the fact that the underwriters authorized to sell the initial issue of stock being located in 13 different states, sales were undoubtedly made in many states. The common law and statutory law of the state in which the transactions took place would govern. That the common law and statutory law governing fraud actions vary from state to state is illustrated by the discussion in 37 C.J.S. Fraud § 2, p. 215 and the case citations thereunder.

We need not belabor the point that the addition of this claim raises many questions of law and fact, the determination of which depends upon the law of the state in which the class member purchased his stock.

We find that this action, considered in its entirety, raises individual questions which predominate over the questions of law and fact which are common to all members of the class. For this reason, the motion for the maintenance of this action as a class action should be denied.

In making this finding, we have considered the difficulties of the management of this action as a class action. The difficulties are implicit in our finding that the questions common to the class do not predominate over the questions affecting only individual members.

We conclude that a class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

It is therefore ordered that plaintiff's motion for an order determining that this action may be maintained as a class action pursuant to Rules 23(a) and 23 (b)(3) is hereby denied.