Edwin **CARRACTER** and John C.
Butler, Appellants,

v.

Walter **MORGAN** et al., Appellees.

No. 71-2175.

United States Court of Appeals,
Fourth Circuit.

Submitted on briefs Jan. 9, 1973.

Decided July 13, 1973.

Laughlin McDonald, Columbia, S. C.,
Charles Morgan, Jr., and Norman Siegel,
Atlanta, Ga., on brief, for appellants.

Daniel R. McLeod, Atty. Gen. of S. C.,
and Joseph C. Coleman, Deputy Atty.
Gen. of S. C., on brief, for appellees.

Before BRYAN, Senior Circuit Judge,
and FIELD and WIDENER, Circuit
Judges.

WIDENER, Circuit Judge:

On April 2, 1971, Edwin Carracter
and John Butler commenced this action
by filing their complaint and motion for
preliminary injunction in the Columbia
Division of the United States District
Court for the District of South Carolina.
The complaint alleged racial discrimina-
tion in the operation of the Edgefield
County chain gang and in the County
chain gangs throughout South Carolina.
Plaintiffs Carracter and Butler sued not
only on their own behalf but also to rep-
resent all other Negro citizens of South
Carolina who are or were inmates of
South Carolina County chain gangs.
Named as defendants were the members
of the Edgefield County Council, the
Edgefield County Manager, and all oth-
ers, jointly and severally, and their suc-
cessors in office, who are similarly situ-
ated throughout the State of South Car-
olina.

To properly view the actions of the district court in this case, it is necessary to set out in chronological order all of the proceedings below. The entire record consists of the following:

1. Complaint and motion for preliminary injunction, filed April 2, 1971.

2. Order of April 29, 1971 extending time for defendants' answer.

3. Answer filed on May 27, 1971.

4. Order of the court entered November 12, 1971 declaring segregation in chain gang unconstitutional and approving plan to remedy same in Edgefield County. It denied class relief.

5. Notice of appeal filed December 7, 1971.

6. Docket sheet. The docket sheet shows that on October 14, 1971, at calendar call, the case was announced settled and that counsel would present an order.

Plaintiffs have included in the appendix several documents which were never made a part of the record. We do not consider them.

Plaintiffs now object to the final order, claiming that relief should have been granted in favor of the entire class which Carracter and Butler allege they represent against the class of defendants described in the complaint.

F.R.Civ.P. 23(c)(1) provides in part:

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained."

No attempt was made "as soon as practicable" to have such an order entered or to have such a determination made. Indeed, no such order was ever entered or determination ever made in the case. The burden was upon the plaintiffs to show, producing facts if necessary, that this case meets the prerequisites of a class action. E. g., Poindexter v. Teubert, 462 F.2d 1096 (4th Cir. 1972); Adise v. Mather, 56 F.R.D. 492 (D.Colo.

1972); Tolbert v. Western Electric Co., 56 F.R.D. 108 (N.D.Ga.1972); Sunrise Toyota Ltd. v. Toyota Motor Co., 55 F. R.D. 519 (S.D.N.Y.1972). Not only is the burden of proof on the plaintiff, it is the duty of the plaintiff to bring the matter before the court for a determination in accordance with Rule 23(c)(1). Adise v. Mather, 56 F.R.D. 492 (D.Colo. 1972).

F.R.Civ.P. 23(e) provides:

"A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

No notice to anyone was given of the proposed final order which was entered in this case. It, therefore, may not be considered as either the compromise or dismissal of a class action, but only as what it purports to be on its face, an order granting relief within Edgefield County and denying class relief without deciding the merits of the claim for such.

■ Because of plaintiffs' failure to bring to the attention of the trial court, at any time, the matter of the determination of whether the action would be maintained as a class action, and also because of lack of notice to any class of the proposed final order, we are of opinion that the district court was correct in its actions and the opinion below ought to be affirmed. No determination was ever made at any time that the action be maintained as a class action. F.R.Civ.P. 23(c)(1). No notice was ever given. F.R.Civ.P. 23(e).

■ Because there may be some doubt, however, as to whether or not the final order in this case was an agreed order, that part of the action which purports to be a class action will be remanded. Upon remand, if the district court determines that the final order entered in this case was in fact an agreed order, the class action will be dismissed without prejdice. If the final order in the case was other than an agreed order, plaintiffs may proceed with their class

action, and, should they so do, they are cautioned to proceed in accordance with *all* the requirements of Rule 23, F.R. Civ.P., including notice,[1] if required, both to members of the plaintiff and defendant classes which should be ascertained.

The action is accordingly

Affirmed and remanded with instructions.

BRYAN, Senior Circuit Judge (concurring specially):

Because of the inquiry directed, and the subsequent procedure thereon outlined, in the last paragraph of Judge Widener's opinion, I concur in the present decision. In my judgment these provisions prescribe the correct disposition of this case.

---

1. The complaint is so broad in its allegations that, from the face of the complaint, the class action may be said to proceed either as a Rule 23(b)(1), 23(b)(2), or 23(b)(3) proceeding. The notice requirements differ. See F.R.Civ.P. 23(c)(2) for 23(b)(3) actions, and F.R.Civ.P. 23(d)(2) for all class actions. The self-evident due process problems are not before us.