Guillermo MORENO et al.

v.

LO–VACA GATHERING COMPANY et al.

Civ. A. No. SA–77–CA–247.

United States District Court, W. D. Texas, San Antonio Division.

Oct. 11, 1978.

---

2. See Va.Code § 13.1–106 (1950), as amended.

Paul D. Rich, Winter Garden Project, Texas Rural Legal Aid, Inc., Crystal City, Tex., Peter Torres, Jr., San Antonio, Tex., Alonzo Villarreal, Uvalde, Tex., for plaintiffs.

Joseph Jaworski and Robert B. Watts, Bracewell & Patterson, Houston, Tex., John L. Hill, Atty. Gen. of Tex., by Marvin F. Sentell, Asst. Atty. Gen., Austin, Tex., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN H. WOOD, Jr., District Judge.

Plaintiffs' and Defendants' various Motions for Dismissals are before me. Plaintiffs seek a voluntary dismissal without prejudice against all the Defendants and the Defendants allege that this Court has no jurisdiction to entertain Plaintiffs' claims.

### I. CLASS ACTION

Plaintiffs, in seeking a voluntary dismissal without prejudice under Rule 41(a)(2),[1] ignore Rule 23(e), which takes precedent over Rule 41(a)(2). Plaintiffs purported to file this action as a class action yet have made no attempt to seek certification of the class. Likewise, they seek a dismissal as though the class they purport to represent did not exist.

This Court can not do likewise. The authorities indicate that before a class action can voluntarily be dismissed, it must be treated as a class action even without certification so that unknown members of the class, if it exists, are not prejudiced. *See, e. g., City of Inglewood v. City of Los Angeles*, 451 F.2d 948 (9th Cir. 1971).

The burden, since the instigation of this litigation, has been upon Plaintiffs to

---

1. All references are to the Federal Rules of Civil Procedure.

seek an early certification of the class. Rule 23(c)(1), *Carracter v. Morgan*, 491 F.2d 458 (4th Cir. 1973). Class actions can not be treated lightly because, as one court has remarked, "(H)aving nominated themselves as class representatives, both plaintiff and his counsel have undertaken responsibilities, and triggered possible consequences, that may not now be erased by routine acceptance of the resignation they now tender." *Rothman v. Gould*, 14 F.R.Serv.2d 1541, 1542 (S.D.N.Y.1971).

Plaintiffs have done nothing to pursue their certification or their alleged claims against the various Defendants for over a year. A dismissal at this stage, without certification, may prejudice someone whether the dismissal is with or without prejudice.

■ This Court has the inherent power to act *sua sponte* on this matter. *Horn v. Associated Wholesale Grocers, Inc.*, 555 F.2d 270 (10th Cir. 1977). In view of the disposition of the various motions below, and based upon the record as a whole, I find that the representative parties and their counsel will not fairly and adequately protect the interests of the class, if any, they purport to represent. Class certification is therefore, and is here, DENIED. Rules 23(a) and 23(b).

## II. MOTIONS TO DISMISS

### A. Defendant, Lo-Vaca Gathering Company

■ Lo-Vaca's Motion to Dismiss for Want of Jurisdiction is well taken. This Court has no jurisdiction to entertain a 15 U.S.C. § 2 claim where jurisdiction, Plaintiffs allege, is found solely in 15 U.S.C. § 4, which is not available to private litigants. That count is DISMISSED with prejudice.

■ The sole remaining claim against Lo-Vaca is based on an alleged breach of contract. That claim is ancillary in nature since it is not based upon any federal jurisdictional statute and diversity is plainly absent. Under the authority of *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the Court declines to entertain jurisdiction and that count is DISMISSED with prejudice.

### B. Defendant, Texas Railroad Commission

■ Plaintiffs seek a declaration from this Court that a natural gas rate promulgated by the Texas Railroad Commission be declared invalid because it is unconstitutional. Allowing Plaintiffs every benefit of the doubt, it is clear that this Court has no jurisdiction to entertain this claim. The Johnson Act, 28 U.S.C. § 1342, plainly forbids such interference by this Court unless four conditions are pleaded and proved. These conditions have not been pleaded. The affidavits on file, which stand uncontroverted, convince me that any relief is wholly inappropriate, if for no other reason than the rate orders promulgated by the Railroad Commission as they affect Lo-Vaca, an intrastate utility, does not interfere with interstate commerce. Plaintiffs have never controverted this fact by brief or affidavit.

Therefore, this Court lacks jurisdiction over Plaintiffs' claims against the Texas Railroad Commission and all relief as to it is DISMISSED with prejudice.

Plaintiffs have also sued the individual Commissioners in their individual and official capacities. Reviewing the Complaint, however, shows that no relief is sought as to them in any capacity. They are not identified in the Complaint and no cause of action is alleged against them. These individuals, Messrs. Mack Wallace, James C. Langdon and Jon Newton, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

### C. Defendant, City of Crystal City, Texas

■ The reasons stated with respect to the Texas Railroad Commission are equally applicable to Crystal City. Even so, reviewing the Complaint shows, on its face, that the only relief sought against Crystal City is an injunction "to immediately cease and desist from terminating gas service to Plaintiffs." (Complaint, Prayer, Paragraph 2.) That cause of action, even if it existed, is now moot, gas service having been terminated over one year ago. This Court could

not grant relief even if it had jurisdiction; therefore, these claims are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

Plaintiffs have also sued the individual Mayor, Councilmen and City Manager of Crystal City in their official capacities only. Reviewing the Complaint, however, shows that no relief is sought as to them at all. They are not identified in the Complaint and no cause of action is alleged against them. These individuals, Messrs. Francisco Benavides, Blanca Gamez, Victor Lopez, Ramon Mata and Raul Flores, are DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

For the foregoing reasons, which constitute this Court's findings of fact and conclusions of law, this cause is hereby DISMISSED with prejudice. All other relief requested by all the parties is DENIED. All costs incurred herein are adjudged against Plaintiffs, for which let execution issue if not timely paid. The Clerk is directed to furnish copies of this Order to all counsel of record.