Oran SMITH et al., Appellants,

v.

Reverend Melbert A. LEWIS et al., Appellees.

No. A1976.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 14, 1979.

Rehearing Denied March 7, 1979.

Gordon Cooper, Cooper & George, Houston, for appellants.

Joel B. McCarty, Jr., Lowry, Pruett & McCarty, Houston, for appellees.

MILLER, Justice.

This is an appeal by the plaintiffs below from a summary judgment granted in favor of the defendants.

The plaintiffs originally brought suit against Reverend Melbert A. Lewis, minister of the Mount Ararat Baptist Church. The original petition was not made a part of the record on appeal, but the second amended original petition filed on November 7, 1977, was brought individually as church members by the various named plaintiffs as well as a class action claiming representation of other persons similarly situated pursuant to Tex.R.Civ.P. 42. The church had previously been organized as a non-profit corporation. The plaintiffs alleged that contrary to law, after demanding inspection for a proper purpose and at a reasonable time, they were refused access to the books and records of the church. Tex.Rev.Civ.Stat.Ann. art. 1396–2.23b (1962). They alleged standing as church members. They further alleged that there had been a wrongful distribution of the church assets during the preceding five years and that the statutory meeting had not been held in the previous year where a full accounting could have been given. They prayed for an accounting, access to the records, a court ordered audit and repayment to the corporation of any wrongful disbursement of corporate assets.

Defendant Lewis denied all charges generally; specifically denied that the plaintiffs' cause of action was a class action; claimed that the transactions of himself and other leaders had been ratified by the congregation in accordance with custom, usage,

and practices of the church; and further, that the financial records had been and were currently open to any member of the congregation. The plaintiffs replied by then asserting contingent liability as directors under Tex.Rev.Civ.Stat.Ann. art. 1396–2.26 (1962) thereby giving them a further justiciable interest in the suit.

Shortly after the filing of the original petition and answer, the trial court ordered and supervised an election in which the church membership expressed their continued confidence in the defendant Reverend Lewis by a vote of 268 to 106. Several days later another business meeting was held, and all of the plaintiffs were expelled from membership in the church. The defendant Lewis then filed his original motion for summary judgment on January 6, 1978 with an affidavit attached alleging that the plaintiffs had no further standing to sue individually as they were no longer church members; and that Reverend Lewis therefore owed them no duty which would give rise to a cause of action as the church was a necessary but unjoined party in the action. The motion was heard by the court on February 6, 1978 and denied.

The plaintiffs then filed a third amended original petition re-asserting their original allegations and action; adding a new plaintiff Remon Glenn and joining the church as a defendant and again specifying their financial interest in the church on a contingent liability as co-makers of an outstanding promissory note to Standard Savings Association which was apparently executed during the church building program.

Both defendants joined in re-urging the motion for summary judgment attaching an affidavit from the Savings Association stating the plaintiffs were released from their obligations as co-makers on said note. The affidavit was attacked by the plaintiffs and found defective by the court. They once again re-urged their motion for summary judgment and attached a new affidavit. The plaintiffs' opposition to the summary judgment motion named two previously unjoined persons who had not been expelled as church members thereby asserting standing; reasserted their suit as a class action; and complained of the court's failure to make a determination of the class nature of the suit as provided for by Tex.R.Civ.P. 42(c)(1). They also alleged that the court supervised election of the church membership was not in compliance with either notice to the class or court approved dismissal requirements of the class action rule. The trial court now granted the defendants' motion for summary judgment finding the release of all of plaintiffs' co-maker liability effective and further that there were no material issues of fact. No particular findings as to plaintiffs' ability to maintain suit individually or as a class action was made.

■ The appellants, plaintiffs below, attack the granting of a summary judgment in three respects. We will deal first with their third point of error where in they complain that the determination on the maintainability of the suit as a class action must be prior to any judgment. The appellants specifically refer to the provision which states, "As soon as practicable after commencement of an action brought as a class action, the court shall, after hearing determine by order whether it is to be maintained." Tex.R.Civ.P. 42(c)(1). The Texas procedure governing class actions was amended to include this provision in May, 1977, to become effective September 1, 1977. The plaintiffs' suit was originally brought on May 14, 1977. The appellees contend that the amended rule does not apply to this suit. We believe that it applies for two reasons. First, class actions have been authorized in Texas since 1941. The trial court was an integral part of the procedure by implication because of its general discretion upon questions of joinder of parties and causes of actions, *Wilson v. Ammann & Jordon*, 163 S.W.2d 660 (Tex.Civ. App.—Fort Worth 1942, writ dism'd), and expressly, by its exclusive mandatory authority to approve of dismissal or compromise of the class action. Tex.R.Civ.P. 42(b) (1941). By implication the court had to make a decision of the propriety of maintainability of a suit as a class action at least by the time of judgment. *Allred v. Heaton*,

336 S.W.2d 251 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.), *cert. denied*, 364 U.S. 517, 81 S.Ct. 293, 5 L.Ed.2d 265 (1961); *Brittian v. General Telephone Co. of Southwest*, 533 S.W.2d 886 (Tex.Civ.App.—Fort Worth 1976, writ dism'd). Finally, the constitutional prohibition against making of retroactive laws has not been held to apply to statutes pertaining to the procedures for carrying on suit. *Brooks v. Texas Employers' Insurance Association*, 358 S.W.2d 412 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

The 1977 amendment to Tex.R.Civ.P. 42 was patterned after Fed.R.Civ.P. 23 with little change. No Texas courts have decided the construction to be given to the amendment; thus we have looked to the Federal courts for guidance. Even though a number of Federal courts have held that a district judge has an obligation on his own motion to determine whether an action shall proceed as a class action, *Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir. 1976), *cert. denied*, 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976), the failure to do so has not been held to violate a substantive right so as to be harmful per se. The Federal courts, including the U.S. Supreme Court, have placed the burden directly on the plaintiff to present his motion for "class certification" in a timely manner. *East Texas Motor Freight System, Inc., v. Rodriguez*, 434 U.S. 810, 98 S.Ct. 45, 54 L.Ed.2d 67 (1977); *Adise v. Mather*, 56 F.R.D. 492 (D.Colo.1972); *Carracter v. Morgan*, 491 F.2d 458 (4th Cir. 1973), as well as to produce facts, if necessary, to demonstrate that the case meets the prerequisites of a class action. *Carracter v. Morgan, supra.* It is to be noted that the standard for determining whether a plaintiff may maintain a class action is not whether he will ultimately prevail on his claim, but rather, whether he meets the demands of Fed.R.Civ.P. 23(a) and (b), *Huff v. N. D. Cass Company of Alabama*, 485 F.2d 710 (5th Cir. 1973).

The appellant in this action totally failed to fulfill these burdens. He is not now in a position to complain of judgment prior to class determination as he might have been had he properly, timely and sufficiently presented this motion to the court. Even given the mandatory language of the class action rule, the trial court does have discretion and flexibility in the timing and manner of determination given the posture of early action and the relative incompleteness of the factual record, *Harriss v. Pan American World Airways, Inc.*, 74 F.R.D. 24 (N.D.Cal.1977), which discretion will not be disturbed except by a showing of prejudice. *Alexander v. AeroLodge No. 735, International Association, Etc.*, 565 F.2d 1364 (6th Cir. 1977), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978). Appellants' third point of error is overruled.

We will now consider the first and second points of error together. It has long been the law that churches of the congregational form, such as Mount Ararat Baptist Church, may directly administer their own government. *Mangum v. Swearingen*, 565 S.W.2d 957 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.). Tex.Rev.Civ.Stat. Ann. art. 1396–2.14 (1962) allows the management of the affairs of the church to be by the members directly, if the Articles of Incorporation so provide. The church followed this statutory procedure. By becoming a member, one thereby submits to the church's ecclesiastical jurisdiction and has no right to invoke the supervisory power of the civil courts. *Mangum v. Swearingen, supra.* Questions of church discipline and government are left to the church limited only by the courts' supervision of property and civil rights. *Hughes v. Keeling*, 198 S.W.2d 779 (Tex.Civ.App.—Beaumont 1946, writ ref'd n. r. e.). In the case before this court, when the Mount Ararat members voted to dismiss the plaintiffs from the church and they were released from any liability by the Savings Association on the church note, the dismissed plaintiffs lost their right in church property, *First Baptist Church of Redland v. Ward*, 290 S.W. 828 (Tex.Civ.App.—Waco 1927, writ dism'd), and consequently their standing to sue. As to Remon Glenn, however, the summary judgment was improper. He was joined in the third amended petition which alleged he

was a church member and was not one of the persons expelled from church membership. Summary judgments are to avoid the conventional trial of clearly unmeritorious claims or untenable defenses. It is not their purpose to deprive litigants of their rights to a full conventional trial if there are involved *material questions of fact. Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952) (emphasis ours). The movants for summary judgment offered no evidence to negate the existence of the material issues of fact as to Remon Glenn's allegations of non-access to church books and records, wrongful distribution of church assets, etc. The movants must do so in order for a summary judgment to stand. *Covault v. Texas Instruments, Inc.*, 531 S.W.2d 441 (Tex.Civ.App.—Tyler 1975, no writ).

We affirm as to all plaintiffs and issues except as to Remon Glenn, as to whom we reverse and remand.

Affirmed in part and reversed and remanded in part.