James C. CALAWAY, Appellant,

v.

Harold B. FOXHALL et al., Appellees.

No. B2311.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 30, 1980.

Rehearing Denied Aug. 20, 1980.

Matthew Horowitz, Bertrand C. Moser, Judith A. Doran, Annie S. Garcy, Houston, for appellant.

Mary M. Domask, Dick DeGuerin, Foreman & DeGuerin, Houston, Mark White, Atty. Gen., Nathan Johnson, Asst. Atty. Gen., Austin, for appellees.

Before COULSON, SALAZAR and JUNELL, JJ.

SALAZAR, Justice.

This is an appeal from a dismissal of a cause of action arising from the appointment of a temporary guardian pursuant to §§ 131 and 133 of Tex.Prob.Code Ann. (Vernon 1956). We affirm.

Harold Foxhall was appointed temporary guardian over the person and estate of his thirty-one-year-old daughter, hereinafter referred to as "CFM," in an ex parte proceeding in the probate court. James Calaway filed a contest of Foxhall's guardianship as next friend of CFM and all others similarly situated, as permitted by § 113 of the Probate Code and 42 U.S.C. § 1983, applied for writ of habeas corpus, and requested declaratory judgment on the constitutionality of statutes affecting temporary guardianships.

After Calaway filed his cause of action, Foxhall filed an application to dissolve the temporary guardianship. The trial court held a hearing and dismissed the writ of habeas corpus since the ward was not being restrained of her liberty. The daughter then requested that she be dismissed as a party to the remaining proceedings, and the court entered an order dismissing her. Upon motion, the trial court also dismissed Foxhall. The Attorney General entered a plea to jurisdiction on behalf of the State. Calaway then filed a motion to certify the class. The trial court did not consider the motion but allowed Calaway to replead be-

fore sustaining the Attorney General's plea and dismissing the lawsuit.

Appellant complains that the trial court erred in dismissing the cause of action because the controversy was justiciable and asks this court to render a declaratory judgment that §§ 131 and 133 of the Texas Probate Code are invalid since they subject persons to substantial deprivations of liberty and property without due process of law.

The declaratory relief Calaway prays for is contingent on our holding that the controversy is justiciable. 19 Tex.Jur.2d *Declaratory Relief* § 9. We have examined the authorities and determined that the controversy is not justiciable, and, therefore, appellant is not entitled to any relief.

This court and several federal courts have held that the burden rests on the plaintiff to present his motion for class certification in a timely manner and to produce facts to demonstrate that the case meets the prerequisites of a class action. *See Smith v. Lewis*, 578 S.W.2d 169, 172 (Tex.Civ.App.–Houston [14th Dist.] 1979, writ ref'd n. r. e.) and cases cited therein.

Calaway presented his motion for class certification after the guardianship had been terminated, after both the ex-ward and ex-guardian had been dismissed as parties, and after the Attorney General had entered a plea to jurisdiction. Under these circumstances, we cannot say that plaintiff timely presented his motion for class certification.

We have examined several federal decisions in which justiciability is, by various legal fictions, related back to the controversy before it became moot. *Sosna v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); *Susman v. Lincoln American Corp.*, 587 F.2d 866 (7th Cir. 1978), *cert. denied*, 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980); *Winokur v. Bell Federal Savings & Loan Assoc.*, 560 F.2d 271 (7th Cir. 1977), *cert. denied*, 435 U.S. 932, 98 S.Ct. 1507, 55 L.Ed.2d 530 (1978); *White v. Mathews*, 559 U.S. 852 (2d Cir.), *cert. denied*, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978); *Roper v. Con-*

*surve*, 578 F.2d 1106 (5th Cir. 1978), *affirmed*, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980). For analysis of these and other cases, *see* Note, Averting Defendant-Induced Pre-certification Mootness of Class Actions, 55 Chi.–Kent L. Rev. 793 (1979).

We have taken special note of footnote 11 in *Sosna v. Iowa* which says:

There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances whether the certification can be said to "relate back" to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.

We do not believe, however, that this applies to Calaway's motion; Calaway presented his motion only after the cause became moot. Moreover, the court's dismissal was in accordance with guidelines set out in *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 100 S.Ct. 1166, footnote 5, 63 L.Ed.2d 427 (1980).

In the many cases we have reviewed, the district courts actually ruled on motions for certification, regardless of whether they were timely filed, or erred in refusing to rule on a motion that was timely filed. In the present case, the trial court did not choose to rule on the motion for certification which was not timely filed and which was already moot. Therefore, it was not error for the trial court to dismiss the cause of action.

Because we have held the cause is no longer justiciable, we can issue no declaratory judgment concerning the constitutionality of §§ 131 and 133 of the Probate Code.

Having considered all of appellant's points of error, we affirm the trial court's dismissal of the cause of action.