**548**

Elizabeth CURTIS, Plaintiff,

v.

NORFOLK SOUTHERN RAILWAY CO., a Virginia corporation, WorldCom, Inc., a Georgia corporation, MCI WorldCom Network Services, Inc., a Delaware corporation, and North Carolina Railroad Company, Defendants.

No. 1:01CV00869.

United States District Court,
M.D. North Carolina.

Feb. 22, 2002.

Plaintiff filed putative class action in state court seeking damages and injunctive relief for alleged trespass, unjust enrichment, slander of title, excessive use of right of way, civil conspiracy and inverse condemnation in connection with the installation and use of fiber optic cables on railroad rights of way. After removal, plaintiff filed motion seeking an extension of time in which to file motion for class certification, the District Court, Sharp, United States Magistrate Judge held that plaintiff showed sufficient cause for extension of time in which to file motion for class certification.

Arthur J. Donaldson, Rachel Scott Decker, Donaldson & Black, P.A., Greensboro, NC, for Plaintiff.

Reid L. Phillips, Brooks, Pierce, McLendon, Humphrey & Leonard, Julian Hugh Wright, Jr., Robinson, Bradshaw & Hinson, P.A., for North Carolina Railroad Co. and Norfolk Southern Railway Co.

Julian Hugh Wright, Robinson, Bradshaw & Hinson, P.A., David A. Handzo, J. Alex Ward, Nicole G. Berner, Jenner & Block, LLC, Washington, DC, for WorldCom, Inc. and MCI WorldCom Network Services, Inc.

## ORDER

SHARP, United States Magistrate Judge.

This matter is before the court on the motion of Plaintiff for an extension of time to file a motion for class certification. (Pleading no. 9.) Defendant opposes the motion and moves to strike Plaintiff's class allegations on grounds that Plaintiff's motion for certification is untimely under Federal Rule of Civil Procedure 23(c) and Local Rule 23.1. (Pleading no. 11.)

### Background

Plaintiff Elizabeth Curtis filed this putative class action on August 9, 2001 in the General Court of Justice of Guilford County, Superior Court, seeking damages and injunctive relief for Defendants' alleged trespass, unjust enrichment, slander of title, excessive use of right of way, civil conspiracy and inverse condemnation in connection with the installation and use of fiber optic cables on railroad rights of way. On September 12, 2001, Defendants WorldCom, Inc. ("WorldCom"), MCI WorldCom Network Services, Inc. ("MWNS") and Norfolk Southern Railway ("Norfolk") removed the action to feder-

al court on the basis of diversity of citizenship jurisdiction.[1]

On November 30, 2001, Plaintiff filed a motion for extension of time to file a motion for class certification. Although the paralegal for Plaintiff counsel called counsel for WorldCom, Inc. and MWNS to "advise" that Plaintiff would be filing the motion for extension, Defendant maintains that Plaintiff did not conduct the "prior consultation with opposing counsel" required by LR6.1(a). On December 21, 2001, Defendants WorldCom[2] and MWNS filed a brief opposing the extension, which Norfolk adopted. On January 31, 2002, Plaintiff filed its Motion to Certify a Class Action.

## Analysis

Certification of a class action in federal court is to be made according to Federal Rule of Civil Procedure 23, which states in part that, "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed.R.Civ.P. 23(c)(1). Under Local Rule 23.1(b), a plaintiff must move for class action certification "[w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended by court order." LR23.1(b).[3] In ruling on such a motion, the court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or other necessary procedures. *Id.*

Elizabeth Curtis filed her state court action on August 9, 2001. Defendant maintains that she therefore had until November 7, 2001 to move for class certification, but failed to do so until January 31, 2002, and that the class allegations should be stricken because Plaintiff has not shown excusable neglect for her delay. Plaintiff maintains that the 90–day period did not begin to run until the action was removed from state court to federal court on September 12, 2001, extending the period for moving for certification to December 11, 2001.

The Fourth Circuit has strongly disapproved of lackadaisical pursuit of class certification, and has denied certification in cases of egregious delay. *See Carracter v. Morgan,* 491 F.2d 458, 459 (4th Cir.1973) (plaintiff failed to bring matter before the court at any time); *Price v. Cannon Mills,* 113 F.R.D. 66, 72 (M.D.N.C.1986)(504 days between filing of complaint and motion for class certification). The policies behind Rule 23(c)(1) and LR23.1(b) include fundamental fairness to defendants, who should not remain "indefinitely uncertain as to the number of individuals or parties to whom they may ultimately be held liable," and the judicial efficiency to be gained from proceeding to the merits of a case as soon as practicable. *Price,* 113 F.R.D. at 72–73; *see also Stastny v. Southern Bell Telephone and Telegraph Co.,* 628 F.2d 267, 275 (4th Cir.1980).

■ There is no Fourth Circuit authority addressing whether, in class actions removed from state to federal court, the 90–day period, which begins running on the "filing of the complaint," is triggered by the initial state court filing date or the date of removal. This court is persuaded that in cases removed from state court to federal court in North Carolina, the timeliness of Plaintiff's motion for class certification should be calculated from the date of removal of the action from state court to federal court, rather than the filing date of the state court action. Once a case has been removed to federal court, fed-

---

1. The other named Defendant, North Carolina Railroad Company, was never served by Plaintiff and therefore did not join in the removal. In its Removal notice, Defendants asserted that although this fourth defendant is a North Carolina citizen for purposes of federal diversity jurisdiction, it was fraudulently joined by Plaintiff to defeat diversity jurisdiction. On November 15, 2001, Plaintiff voluntarily dismissed North Carolina Railroad Company pursuant to Federal Rule of Civil Procedure 41(a).

2. Defendant WorldCom, Inc. subsequently was dismissed by stipulation of voluntary dismissal on December 26, 2001 pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

3. North Carolina's counterpart rule contains no such provision. Further, no scheduling order had issued in state court setting a deadline for the filing of a class certification motion in this case.

eral procedural rules, including time limitations, govern the future course of the proceedings. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 436–37, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). This is the case even when state court orders setting deadlines are issued prior to removal. *Id.; see also Motsinger v. Flynt,* 119 F.R.D. 373, 377 (M.D.N.C.1988) (in removal action, 120–day service period commenced from date of removal, and motion for additional time within which to serve process permitted).

■ Even accepting that the 90–day period for filing the motion for class certification began to run on the date of removal, September 12, 2001, it is undisputed that Plaintiff did not file the actual motion until January 31, 2002. However, 10 days before the cutoff, Plaintiff filed a motion for an extension of the deadline for filing the motion for class certification. This court must determine whether Plaintiff's motion for extension of time should be granted. If it is granted, Plaintiff's motion for certification will be deemed timely; if it is denied, Plaintiff's class allegations will be stricken.

Federal Rule of Civil Procedure 6 governs motions to enlarge deadlines set by the Federal Rules of Civil Procedure or Local Rules. Rule 6 provides, in pertinent part, that

> When by these rules ... an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed ... or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed.R.Civ.P. 6(b). If the motion for extension of time is made before the expiration of the time period for which an extension is sought, the party need only show cause. Fed.R.Civ.P. 6(b)(1). If a party waits until after the expiration of time, the burden is a more rigorous "excusable neglect" standard. Fed.R.Civ.P. 6(b)(2).

Plaintiff's motion for extension was made before the December 12, 2001 deadline had passed and is governed by Rule 6(b)(1). Rule 6(b)(1) motions are liberally granted. "[A]n application under Rule 6(b)(1) normally will be granted in the absence of bad faith or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165, at 521–23 (3d ed.2002). As is true of all of the Federal Rules of Civil Procedure, Rule 6 is to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

While Plaintiff's explanations for the delay in filing her motion for class certification—the confusion about the commencement of the deadline and Plaintiff's belief that this putative class action might be subsumed in a class action about to be certified in Illinois—are not the strongest, they are adequate under the relaxed standard of Rule 6(b)(1). There is no suggestion that Plaintiff acted in bad faith, and Defendants have shown no prejudice caused by a month-and-a-half delay in the filing of Plaintiff's motion for class certification. Whether the motion for certification will be meritorious remains for consideration by the court. Defendants will be provided additional time to respond to Plaintiff's motion for certification.

On a procedural matter, the court admonishes Plaintiff's counsel to fully comply with LR6.1(a) in the future. Counsel must make a diligent effort to consult with opposing counsel regarding requested extensions. Mere "notice" of an impending motion for extension, communicated by a paralegal, does not comply with the letter or spirit of LR6.1(a). Counsel must follow the federal and local rules of procedure, or expect to face adverse consequences.

Accordingly,

**IT IS ORDERED** that Plaintiff's November 30, 2001 motion for extension of time to file motion for class certification (Pleading no. 9) is **GRANTED** and the January 31, 2002 motion for class certification is timely.

**IT IS FURTHER ORDERED** that Defendants file a response to the motion for class

certification 30 days from the date of this Order.