**Carol Sue PARKER, Plaintiff,**

v.

**GEORGE THOMPSON FORD, INC., Defendant.**

**No. C78–1918A.**

United States District Court, N. D. Georgia, Atlanta Division.

July 26, 1979.

Fletcher Thompson and James F. Stovall, III, Thompson, Stovall, Stokes & Thompson, Atlanta, Ga., for plaintiff.

E. Penn Nicholson and Paul W. Bonapfel, Nicholson, Meals & McLaughlin, Frank C. Jones and Nolan C. Leake, King & Spalding, Atlanta, Ga., for defendant.

## ORDER

MOYE, District Judge.

This is an action for damages brought under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*; the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1901 *et seq.*; the Georgia Motor Vehicles Sales Finance Act, Ga.Code Ann. § 96–1001 *et seq.*; and the Georgia common law of fraud. The action is brought on behalf of plaintiff Carol Sue Parker, individually, and allegedly as a representative of all those allegedly similarly situated, and arises out of the credit sales of automobiles by defendant George Thompson Ford, Inc. ("Thompson Ford") to plaintiff Parker and others pursuant to installment sales contracts. Some of these contracts, including plaintiff's contract, were assigned to defendant General Finance Corporation ("GFC"). Presently pending before the Court are plaintiff Parker's motion to maintain class action and for certification of the class and plaintiff's motion to compel discovery.

Plaintiff contends that defendant Thompson Ford devised a fraudulent and deceitful scheme whereby defendant represented to class members that in order to purchase an automobile on credit, they must first establish their credit with Thompson Ford. Each class member could allegedly do this by making a "good faith" payment on a Supplemental Rental Agreement and entering into a series of monthly rental agreements until the credit reputation of the class member was established with defendant Thompson Ford. All class members allegedly executed a written Supplemental Rental Agreement with defendant by which defendant agreed to apply a "good faith" payment toward the purchase price of the automobile when later purchased and also agreed to sell the automobile at its depreciated book value. Plaintiff maintains that defendant Thompson Ford verbally represented to each class member that a substantial part of the monthly rental payments would be applied toward the purchase price of the automobile.

Plaintiff Parker contends that the Retail Installment Sales Contracts used by defendant Thompson Ford in the credit sales of automobiles to the class members failed to disclose the true selling price of each automobile and the application of the rental payments toward the purchase price of each automobile in violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.* Plaintiff also alleges that defendant Thompson Ford, with intent to defraud, failed to provide an odometer statement to the class members as required by 15 U.S.C. § 1988. Plaintiff Parker further alleges that defendant Thompson Ford charged each class member a "service fee" which in fact was an additional finance charge, thereby allegedly rendering the interest rate charged each class member usurious under Ga.Code Ann. § 96–1004. Finally, plaintiff asserts that defendant wrongfully repossessed and converted automobiles that

it sold on credit to class members at a time when it was holding funds of these class members in excess of any amounts that they owed under the Retail Installment Sales Contracts.

Plaintiff Parker has moved to maintain a class action and for class certification on behalf of a "main class" and six "subclasses" pursuant to Fed.R.Civ.P. 23(a), (b)(3), and (c)(4)(B) and pursuant to Ga. Code Ann. § 81A–123. With regard to Fed. R.Civ.P. 23(a), plaintiff contends that although the precise identity of the individual members is not yet known, and can be known only through discovery, the "main class" is so numerous that a joinder of all members is impracticable. Plaintiff further contends that there are questions of law and fact common to the class, that her claims are typical of the claims of each member of the class, and that, as the representative party, she will fairly and adequately protect the interests of the class as required by Fed.R.Civ.P. 23(a). In addition, plaintiff Parker maintains that the prerequisites of Fed.R.Civ.P. 23(b)(3) are satisfied because questions of law and fact common to the class members predominate over questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

■ In order to maintain a class action, the burden is on the prospective class representative to establish that the requirements of Fed.R.Civ.P. 23 have been met. *Elster v. Alexander*, 76 F.R.D. 440, 441 (N.D.Ga. 1977). The pertinent provisions of Fed.R. Civ.P. 23 are as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representa-

tive parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

.    .    .    .    .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

.    .    .    .    .

■ After careful consideration of plaintiff Parker's motion and defendants' responses thereto, the Court concludes that plaintiff Parker has failed to establish that the requirements of Fed.R.Civ.P. 23 have been met in this action. Although there does exist a group of customers who have contracted with defendants on terms similar to those of plaintiff, the Court does not believe that plaintiff's situation is typical of that of the purported members of the class. Plaintiff Parker is in the position of having had a car repossessed with no deficiency asserted. Most members of the purported class, however, either still have their cars and a continuing relationship with defendants or have had their cars repossessed and face counterclaims for deficiencies. Since plaintiff would not be subject to such counterclaims and would receive no benefit from defeating these claims, plaintiff would have no incentive to expend time and effort vigorously defending others against these numerous counterclaims.

In addition, the record does not convincingly show that plaintiff is willing and able to assume the costs and expenses associated with bringing a class action. Plaintiff's counsel has allegedly promised to bear responsibility for the costs of this suit, but this can be no more than a guarantee of payment.[1] It is not an adequate substitute

---

1. Plaintiff is ultimately responsible for costs in accordance with Canon 5, Ethical Considera-

tion 5–8, and Directory Rule 5–103(B) of the American Bar Association Code of Professional

for assurance that plaintiff understands her potential obligation of bearing the costs of a class action and is prepared to underwrite these costs. For both of the above reasons, the Court believes that plaintiff has failed to show that she has met the requirements of Fed.R.Civ.P. 23(a)(3) and (4).

Moreover, it is also apparent that plaintiff Parker cannot satisfy the requirements of Fed.R.Civ.P. 23(b)(3) because: (1) common questions of law or fact do not predominate over individual questions of liability and damages;[2] and (2) maintenance of this case as a class action is not superior to other methods of handling the controversy. With respect to plaintiff's claims under the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*, a finding of fact would be required for each alleged class member to decide if credit was extended "primarily" for personal use or "primarily" for business use. If the latter is found, the Act would be inapplicable and there could be no alleged violation under the Act. 15 U.S.C. § 1603(1). In the instant action, credit was used to purchase motor vehicles, including trucks, and at least some of these vehicles were evidently used primarily for business purposes. Because of the potential for individual trials on this matter, it is clear that individual issues would predominate over common issues in this action. *Zeltzer v. Carte Blanche Corp.*, 76 F.R.D. 199, 203 (W.D.Pa.1977); *Berkman v. Sinclair Oil Corp.*, 59 F.R.D. 602, 609 (N.D.Ill. 1973); *Rodriquez v. Family Publications Service, Inc.*, 57 F.R.D. 189, 193 (C.D.Cal. 1972).

Individual questions of liability would similarly predominate over common questions with respect to plaintiff's claim under section 408 of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1988. In order to establish a violation of this statutory section, the plaintiff must show that there has been (1) a failure to give the required disclosure with (2) an intent to defraud. *Id.; Benzer v. Oden & Sims Used Cars, Inc.*, No. C77–300A (N.D.Ga. Sept. 5, 1978). Both elements require a determination of liability on an individual basis, and, thus, there would be no common question susceptible of determination in a class action.

Furthermore, defendants' counterclaims against alleged class members for defaults in payments or other contract breaches would be compulsory to claims raised by plaintiff. *Brown v. First Professional School of Georgia, Inc.*, No. C78–833A (N.D.Ga. Feb. 6, 1979); *Mims v. Dixie Finance Corp.*, 426 F.Supp. 627 (N.D.Ga.1976) (*en banc*). Since these counterclaims must be brought in order to avoid being barred in any subsequent suit by principles of res judicata, *Dupuy-Busching General Agency, Inc. v. Ambassador Insurance Company*, 524 F.2d 1275 (5th Cir. 1975), individual adjudications on these counterclaims will be required and individual questions will predominate over class ones. *E. g., Turoff v. Union Oil Company*, 61 F.R.D. 51, 59 (N.D. Ohio 1973); *Alpert v. U. S. Industries, Inc.*, 59 F.R.D. 491, 499 (C.D.Cal.1973). In addition to increasing the number of separate trials which may be required, the presence of counterclaims raises the possibility of many members of the class "opting out" under Fed.R.Civ.P. 23(c)(2) because of the potential exposure to net recoveries in favor of defendants. As the court stated in *Alpert, supra*, "[a]n action which forces a significant portion of the class to take active steps to exclude themselves is inappropriate." 59 F.R.D. at 499.

Fed.R.Civ.P. 23(b)(3) also requires that the court find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." The class action must be *superior* to other means of adjudication, not merely "as good as" other methods. *Plekowski v. Ralston Purina Company*, 68 F.R.D. 443, 454

---

Responsibility which apply in this Court. Local Rule 71.54.

**2.** It should be noted that plaintiff has failed to enumerate in her complaint the common questions which she contends predominate over individual ones, as required by Local Rule 221.-1224.

(M.D.Ga.1975); *Buford v. American Finance Company,* 333 F.Supp. 1243, 1250 (N.D.Ga.1971). It is clear that class action treatment of this case is not "superior" to individual actions.

As discussed above, a determination of liability on the truth-in-lending and odometer claims will involve questions which must be determined on an individual basis. More importantly, the members of the alleged class cannot possibly recover as much from defendants Thompson Ford and GFC if this class is certified as they could in individual actions. In a class action brought under the Truth-in-Lending Act, no minimum recovery is applicable, and the total recovery in the action may not exceed the lesser of $500,000 or one per centum of the net worth of the creditor. 15 U.S.C. § 1640(a)(2)(B). In an individual action, however, the claimant is entitled to twice the amount of any finance charge in connection with the transaction, and the creditor's liability to the claimant may not be less than $100. 15 U.S.C. § 1640(a)(2)(A).

In the case *sub judice,* defendant Thompson Ford's net worth is $180,000, and the *maximum* total recovery against it for the class is $1,800. Defendant GFC's net worth is $2,846,415.05, and the *maximum* total recovery against it for the applicable class members is approximately $28,464. Since the number of alleged class members with claims against each defendant is between 300 and 400, each class member would recover less than $100, which is the minimum sum that each member could recover in a successful individual action against the defendant who was liable to him. Because class certification in this action would result in a relatively small recovery for the individual class members while exposing defendants to large administrative costs and requiring substantial amounts of court time for supervision of the action, class certification would clearly not be a superior method of adjudication in terms of efficiency. *Turoff,* 61 F.R.D. at 59 (N.D.Ohio 1973); see *Boggs v. Alto Trailer Sales, Inc.,* 511 F.2d 114, 118 (5th Cir. 1975).

For all of the foregoing reasons, the Court must deny class certification with regard to the truth-in-lending and odometer claims. Because the Court is denying class certification for those federal claims, there is no subject matter jurisdiction to support a class action on plaintiff's state law claims—regardless of whether plaintiff is allowed to pursue the claims in this Court under the doctrine of pendent jurisdiction. *Gilbert v. Woods Marketing, Inc.,* 454 F.Supp. 745 (D.Minn.1978). Even if the Court had subject matter jurisdiction of the state law claims, it would nevertheless deny class certification with regard to these claims because they involve allegations of fraud and usury raising questions that relate primarily to individuals only. Individual questions would therefore predominate over questions common to the class. Accordingly, plaintiff Parker's motion to maintain class action and for certification of the class is hereby DENIED.

In addition, since plaintiff has failed to show that she is entitled to bring a class action, plaintiff is not entitled to the discovery that she requests. *Flanigan v. American Finance System,* 72 F.R.D. 563 (M.D.Ga.1976). Accordingly, plaintiff's motion to compel discovery is hereby DENIED.

Since this action is not being certified as a class action, it is hereby REMANDED to the United States Magistrate pursuant to 28 U.S.C. § 636(b) for consideration of plaintiff's claims against defendants.