**Julia LESLIE**

v.

**GEORGE THOMPSON FORD, INC.**

**Civ. A. No. C76–1982A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 30, 1979.

Ralph Goldberg, G. W. Florence, Jr., Atlanta, Ga., for plaintiff.

E. Penn Nicholson, Arnold E. Rubinoff, Paul Bonapfel, Nicholson & Meals, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, Chief Judge.

This case, brought under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981, *et seq.*, is before the Court on the motion of defendant George Thompson Ford, Inc. (Thompson), for summary judgment.

The undisputed facts are very simple; they have been stipulated in a pretrial order approved by the Court on July 27, 1979. On August 17, 1976, plaintiff Leslie purchased a used car from Thompson, receiving from Thompson an "odometer disclosure statement." Plaintiff in no way alleges any violation of the Act's mileage disclosure or tampering provisions. Indeed the mileage disclosed was entirely accurate. Rather, her claim arises out of the fact that defendant Thompson did not place on the odometer disclosure statement the last license plate number of the car, the address of the transferor (Thompson) of the car, or the date of the statement. All of that information was provided on a Retail Installment Sales Contract provided to plaintiff. One of defendant's salesmen, William P. Bechle, has stated that, although he does not remember the transaction in question, it is his habit to fill in all the blanks on such forms as the odometer disclosure statement. As a result, he concludes that the omission complained of here must have resulted from carelessness, hurriedness, or forgetfulness. Bechle affidavit ¶ 4. Plaintiff filed this suit seeking assessment of three times her actual damages or $1,500, whichever is greater, plus costs and reasonable attorney fees.

Defendant bases its motion on two contentions: (1) that the sort of omissions complained of here do not give rise to civil liability under 15 U.S.C. § 1989, and (2) that it did not act with the "intent to defraud" required by 15 U.S.C. § 1989. Plaintiff contends that the omissions complained of can give rise to assessment of a penalty, that no intent to defraud is required, and

that in any event defendant has not negated the intent to defraud.

The Act contains several provisions dealing with the disclosure and integrity of odometer readings on used cars. Section 1988(a) requires the Secretary of Transportation to prescribe rules requiring written disclosure of the cumulative mileage on the odometer of the car *or* a statement that the mileage is unknown. The regulations under section 1988 require, in part, disclosure of the date of transfer, the name and address of the transferor and the last license plate number of the transferred vehicle. 49 C.F.R. § 580.4(a)(2)–(4). In addition, those disclosures must be made on an "odometer disclosure form." 49 C.F.R. § 580.4(d), (e).

Plaintiff cites numerous cases from this district which, she claims, assess liability for violations of the regulations. Some simply do not say what she suggests or are distinguishable. *E. g., Parker v. George Thompson Ford, Inc.,* 83 F.R.D. 378 (N.D.Ga.1979) (Moye) (dealing with question of class certification); *Garrett v. Nalley Chevrolet,* C77–735 (N.D.Ga., August 18, 1977) (Moye) (failure to disclose *mileage* ); *Johnsey v. Dailey,* C75–1032 (N.D.Ga., March 24, 1976) (Hill) (failure to disclose *mileage*). Other cases such as *Jeffries v. Tom Bob's Wholesale,* C75–2236 (N.D.Ga., May 28, 1976) (Hill), *Goodman v. Dean,* C76–1282 (N.D.Ga., April 21, 1976 (Murphy), and *Ortiz v. Marietta Dodge, Inc.,* C74–1861 (N.D.Ga., July 3, 1975) (Edenfield), allowing a civil action for violation of regulations similar to those alleged here, are inconsistent with another case in this district—*Harry v. East Point Auto Sales,* C76–1344 (N.D.Ga., September 23, 1977) (Freeman). In *Harry,* Judge Freeman concluded that "[a]lthough the defendant has failed to satisfy the technical requirements of these [regulations], plaintiff has not alleged or demonstrated any tampering with the odometers . . . . *Absent direct or circumstantial evidence of tampering or fraudulent odometer mileage reporting, the Act has not been violated." Id.* (Emphasis added). This inconsistency in the case law in this district is perhaps best explained by the fact that none of the various cases cited have actually considered the issues dealt with here; the Court thus views the issues presented here as matters of first impression.

■ The Court has requested briefing on whether the regulations at issue are valid. The statute provides for regulations requiring mileage disclosure, 15 U.S.C. § 1988(a), but the regulations go further, requiring the transferor to disclose, on a particular form, the information omitted here. One court has held that the regulations are invalid. *Purser v. Bill Campbell Porsche Audi, Inc.,* 431 F.Supp. 1235, 1236 (N.D.Fla. 1977), *cited* approvingly in *Augusta v. Marshall Motor Co.,* 453 F.Supp. 912, 919 (N.D. Ohio 1977). There is no broad delegation of authority here as there is in the Truth in Lending Act where Congress gave the Federal Reserve Board the authority to "prescribe regulations to carry out the purposes of this subchapter," specifically allowing the Board to establish "such . . . provisions . . . as in the judgment of the Board are *necessary or proper* to effectuate the purposes of this subchapter, to prevent circumvention or evasion thereof, or to facilitate compliance therewith." 15 U.S.C. § 1604 (emphasis added). Another similar statute, the Interstate Land Sales Act, gives the Secretary of HUD the authority to promulgate such regulations "as are *necessary or appropriate* to the exercise of the functions and powers conferred upon him . . . ." 15 U.S.C. § 1718 (emphasis added). The stated purpose of Congress in enacting this Act is consistent, however, with the Secretary of Transportation's regulations: "It is therefore the purpose of this subchapter to prohibit tampering with odometers on motor vehicles *and to establish certain safeguards* for the protection of purchasers with respect to the sale of motor vehicles having altered or reset odometers." 15 U.S. c. § 1981 (emphasis added). The regulations at issue are consistent with the purpose. of protecting consumers with respect to altered odometers.

Defendant's first contention in its original brief was that the violation of the regulations should not lead to assessment of a penalty under 15 U.S.C. § 1988 and 1989. Defendant apparently intends its argument to be broad enough to dispel any liability at all. The liability provisions of 15 U.S.C.

§§ 1988 and 1989 support the former contention but not the latter. Section 1988(b) provides that it is "a violation of this section . . . to violate any rules under this section or to knowingly give a false statement to a transferee in making any disclosure required by such rules." Section 1989(a) provides that "Any person who, with intent to defraud, violates any requirement imposed under [the Odometer Requirements] subchapter" . . . shall be liable [for the greater of $1500 or three times the actual] damages sustained. A violation of a rule is a violation of section 1988, while section 1989 requires "intent to defraud."

█ In *Nieto v. Pence,* 578 F.2d 640, 642 (5th Cir. 1978), the court noted that "[b]ecause § 1989 requires intent to defraud, a violation does not automatically lead to civil liability." That observation notwithstanding, the court equated the finding of a violation with civil liability:

[U]nless a violation of the Act can lead to civil liability the Act is toothless. The district court holding there could be no intent to defraud in the absence of actual knowledge countered this obvious argument by noting that the U. S. Attorney General can petition for injunctive relief even when the transferor lacks an intent to defraud. But such relief, although theoretically available, is unlikely. Private prosecution is needed to make the Act effective.

*Id.* at 643 (citations omitted). *Nieto* is significantly distinguishable in that it involved

false disclosure of mileage. Here, of course, defendant merely failed to disclose certain information required by regulation on the form required by regulation. The *Nieto* court apparently thought it necessary to say that liability for the section 1989 penalty necessarily follows from a violation in order to fulfill the primary purpose of the Act—*i. e.* to enhance accurate disclosure of mileage. It is not necessary to make such an equation between a violation and liability for the penalty here where the rules violated are, at most, only indirectly related to the purpose of the Act. Thus, the Court concludes that where violations of non-mileage disclosure regulations are involved, there are two levels of violations. Those accompanied by intent to defraud give rise to the section 1989 penalty,[1] and those not accompanied by intent to defraud do not.

█ Defendant also argues that it did not have intent to defraud. Again the Court must start with *Nieto, supra.* There the Court held that the legislative history commands that "intent to defraud" is shown when the defendant has actual *or* constructive knowledge of a false mileage disclosure. *Id.* at 642.[2] There is no legislative history requiring such an interpretation where the only violation is a violation of a rule or regulation. Here not only was the correct mileage disclosed and the purpose of the Act thereby fulfilled, but the disclosures omitted from the "odometer disclosure statement" were disclosed in the bill of sale thereby fulfilling the purpose of even the

1. Where the Court refers to the section 1989 penalty in this order, it refers to treble damages, the $1,500 penalty and/or attorney fees.

2. [Section 1988] makes it a violation of the title for any person "knowingly" to give a false statement to a transferee. This section originally allowed a person to rely completely on the representations of the previous owner. This original provision created a potential loophole, however. For example, a person could have purchased a vehicle knowing that the mileage was false but received a statement from the transferor verifying the odometer reading. Suppose an auto dealer bought a car with a 20,000 mile odometer verification but any mechanic employed by that auto dealer could ascertain that the vehicle had at

least 60,000 miles on it. The bill as introduced would have permitted the dealer to resell the vehicle with a 20,000 mile verification. In order to eliminate this potential loophole the test of "knowingly" was incorporated so that the auto dealer with expertise now would have an affirmative duty to mark "true mileage unknown" if, in the exercise of reasonable care, he would have reason to know that the mileage was more than that which the odometer had recorded or which the previous owner had certified.
*S.Rep.No.* 92–413, 92d Cong., 2d Sess. (1972) *reprinted in* [1972] U.S. Code Cong. & Admin. News, pp. 3960, 3971–72.

regulations. Thus, the defect complained of is merely a technical one, and a higher burden should be placed upon plaintiff here than in *Nieto*.

■ Even assuming constructive knowledge is the applicable standard, plaintiff must obviously lose if the standard is constructive knowledge of a false mileage disclosure because there was no false mileage disclosure. Even if the standard is constructive knowledge of the absence of the missing information, the only evidence concerning the absence of the information, the Bechle affidavit, *supra* p. 955, does not permit such an inference, and plaintiff has proffered absolutely no evidence that defendant was constructively aware of its absence. For the foregoing reasons, the defendant's motion for summary judgment is granted as to the availability of the section 1989 penalty.

SO ORDERED, this 30 day of November, 1979.