Robert G. WESTLAKE, individually, and
on behalf of all other persons
similarly situated

v.

Alan ABRAMS, et al.

Civ. A. No. C78–555A.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 14, 1981.

Scheer & Elsner, Atlanta, Ga., Hoffman & Hertzig, Coral Gables, Fla., for plaintiff.

Charles J. Hecht, pro se.

Frank J. Post, pro se.

Arthur H. Rice, Leibowitz & Rice, Miami, Fla., for Charles P. LeMieux, III.

James E. Brien, pro se.

Michael D. Shuster, pro se.

John L. Taylor, Jr., McDaniel, Chorey & Taylor, Atlanta, Ga., for Charles A. Wathen.

Jeffrey M. Smith, Trotter, Bondurant, Miller & Hishon, Atlanta, Ga., for Charles J. Hecht.

Robert E. McLaughlin, Sandra C. Steele, Gilman, McLaughlin & Hanrahan, Boston, Mass., for receiver, Walter H. McLaughlin.

Kirk M. McAlpin, Robert Thornton, Ralph Levy, Michael C. Russ, J. Kevin Buster, King & Spalding, Atlanta, Ga., for Gage, Bushnell, Reizen & Shecter.

Charles M. Kidd, Woodrow Vaughn, Jr., Kidd & Vaughn, Bruce H. Beerman, Warren C. Fortson, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for Daniel J. Henry.

J. Marbury Rainer, Parker, Hudson & Rainer, Atlanta, Ga., for Charles E. McDonnell.

## ORDER

MOYE, Chief Judge.

Presently before the Court in this case is plaintiff's motion for class certification. As more fully explained in the Court's consideration of defendant Noel A. Gage's motion for summary judgment, *Westlake v. Abrams,* 504 F.Supp. 337 (N.D.Ga.1980), this action was brought by a purchaser of two commodity futures options from Lloyd, Carr & Co. (hereinafter Lloyd, Carr) under the Securities Act of 1933, 15 U.S.C. § 77a et seq. (hereinafter the Securities Act); the

rules and regulations promulgated thereunder by the Securities and Exchange Commission (SEC); the Commodity Exchange Act, 7 U.S.C. § 1 et seq., as amended by the Commodity Futures Trading Commission (CFTC) Act of 1974; the rules and regulations promulgated thereunder by the CFTC; and the common law.

The complaint, filed March 30, 1978, and amended pursuant to an order of this Court on January 24, 1981, alleges that plaintiff and the proposed class purchased from defendant Lloyd, Carr, a commodity futures option broker, certain interests denominated "commodity futures options." Plaintiff contends that these interests constituted securities within the meaning of section 2(1) of the Securities Act and section 3(a)(10) of the Exchange Act and that Lloyd, Carr did not properly register these alleged securities with the SEC as required by section 5 of the Securities Act. It is further alleged that the sale of said securities involved fraudulent and misleading statements by Lloyd, Carr to investors within the meaning of sections 12 and 17(a) of the Securities Act and section 10(b) of the Exchange Act and Rule 10b–5 of the SEC promulgated thereunder.

In the alternative plaintiff argues that if the interests which he purchased are not considered securities, then Lloyd, Carr violated the Commodity Exchange Act, as amended, by selling interests in commodity futures options without being properly registered with the CFTC as a futures commission merchant as required by Rule 32.3 of the CFTC and by selling commodity futures options not preceded or accompanied by a disclosure statement meeting the requirements of Rule 32.5 of the CFTC. Plaintiff further alleges that the sale by defendants of said commodity futures options were in violation of section 405 of the CFTC Act of 1974 and Rule 32.9 of the CFTC.[1]

---

1. Since this Court considered defendant Gage's motion for summary judgment the Fifth Circuit has held that no implied private right of action exists under the Commodity Exchange Act to redress commodity futures customers for dam-

ages sustained from their brokers' violations of the anti-fraud provisions and broker registration requirements of that Act, 7 U.S.C. §§ 6b, 6k, and the corresponding regulations, 17 C.F.R. §§ 32.3, 32.9 (1979). *Rivers v. Rosen-*

Finally plaintiff alleges that the activities of the defendants herein amounted to common law fraud and deceit.

Plaintiff seeks to recover actual and punitive damages for himself and for a class of similarly situated purchasers for losses resulting from their purchases, with interest thereon, together with the costs of this suit and reasonable attorney's fees.

Following denial of defendant Gage's motion for summary judgment on the grounds that genuine issues of material fact continue to exist as to whether plaintiff Westlake purchased a "security" from Lloyd, Carr and whether Gage was a "controlling person" of Lloyd, Carr, *see* 504 F.Supp. at 342, 350, the Court has received briefs on the motion for class certification to which the Court now turns.

Fed.R.Civ.P. 23 permits the Court to certify an action as a class action if the requirements of Rules 23(a) and 23(b) are met. Rule 23(a) permits one or more members of a class to sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable,[2] (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. If Rule 23(a) is satisfied in its entirety, in order for the Court to find certification proper, it must find at least one section of Rule 23(b) to be fulfilled. Plaintiff seeks to maintain this class action alternatively as a Rule 23(b)(1) action or a Rule 23(b)(3) action. Rule 23(b)(1) provides as follows:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

Alternatively, plaintiff relies on Rule 23(b)(3), which reads as follows:

[T]he court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

■ Having examined the briefs of the parties, the Court concludes that a key issue to be decided which may be determinative of plaintiff's motion is whether this case presents questions of law or fact common to the class as required by Rule 23(a)(2) and, if such common questions are presented, whether they predominate over any ques-

---

*thal & Co.*, 634 F.2d 774 (5th Cir.1980). The applicability of that decision to this case is discussed later in the text.

**2.** While the question of numerosity is likewise in dispute, the Court finds plaintiff's complaint, alleging purchases by 7,000 persons, and his briefs of July 16, 1979, and March 9, 1981, alleging purchases by 4,700 persons sufficient to establish fulfillment of Fed.R.Civ.P. 23(a)(1). The latter figure is found in the affidavit of Carl H. Hoffman, plaintiff's counsel, dated July 13, 1979, which represents an estimate of the size of the class upon investigation into the bankruptcy proceedings involving Lloyd, Carr.

**4**

tions affecting only individual members as required by Rule 23(b)(3). The plaintiff bears the burden of demonstrating that these Rule 23 requirements are fulfilled. *Payton v. Abbott Labs,* 83 F.R.D. 382, 387 (D.Mass.1979); *Amswiss International Corp. v. Heublein, Inc.,* 69 F.R.D. 663, 665 (N.D.Ga.1975); *Shaw v. Mobil Oil Corp.,* 60 F.R.D. 566, 568 (D.N.H.1973). The Court will consider these questions as they relate to plaintiff's claims under the Securities Act, the Exchange Act, and the common law claims of plaintiff, reserving discussion of plaintiff's claims under the CFTC Act for the latter portion of this order.

Plaintiff argues in both his brief in support of his motion filed July 16, 1979, and his response to defendant Gage's opposition thereto, filed March 9, 1981, that courts have concluded in case after case commenced under sections 10(b) and 14(a) of the Exchange Act that common questions of law and fact exist where a course of conduct common to all class members constitutes the gravamen of the complaint. Citing *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), plaintiff points out that where the alleged fraud is accompanied primarily by omitting facts that would influence the reasonable investment decision of an investor, there is no need in a Rule 10b–5 action to prove actual reliance on the omission when the omission was material. It is contended that this case is properly characterized as one of nondisclosure in which there was general reliance by the members of the plaintiff class upon defendants' disclosing information. Because Lloyd, Carr's salesmen allegedly relied on scripts of "canned" sales pitches, plaintiff argues the nondisclosures made by the salesmen were uniform in nature, causing all purchasers of commodity options to have similar claims against the defendants under the federal securities laws and the common law.

Defendant Gage opposes plaintiff's motion on the ground that under this Court's order denying his motion for summary judgment in order for each plaintiff to show he purchased a security from Lloyd, Carr and thereby invoke the protections of the Securities Act and the Exchange Act he must show individual reliance on the efforts of Lloyd, Carr. Defendant Gage points to the following conclusion of the abovementioned order:

> Because plaintiff has stated in his deposition that despite the confirmation letter he received from Lloyd, Carr he was in fact relying on Lloyd, Carr to advise him when to exercise his option, the Court finds that a genuine issue of material fact continues to exist as to whether the third *Howey (S.E.C. v. W.J. Howey Co.,* 328 U.S. 293 [66 S.Ct. 1100, 90 L.Ed. 1244] (1946)) element is met and declines to grant defendant Gage's motion for summary judgment inasmuch as it is based on the ground that no security was sold under the *Howey* test. If the plaintiff is able to prove at trial that he did rely significantly on the efforts of Lloyd, Carr, he will have proved all three elements required for finding the existence of a security under *Howey.*

504 F.Supp. at 342–43.

As the above portion of this Court's earlier order shows, in order for the Court to find plaintiff Westlake, as well as any other option purchaser, to have purchased a "security" as defined by section 2(1) of the Securities Act or section 3(a)(10) of the Exchange Act and interpreted by *Howey* and *S.E.C. v. Koscot Interplanetary, Inc.,* 497 F.2d 473, 477 (5th Cir.1974), the purchaser must have relied significantly on the efforts of Lloyd, Carr for advice as to when to exercise his option. Defendant Gage argues that the threshold issue of individual reliance precludes class action treatment because every putative class member would be required to prove that he or she relied on the investment efforts of Lloyd, Carr. If defendant is correct, class certification would not be appropriate in this case since each plaintiff would have to prove individual reliance. *Amswiss International Corp. v. Heublein, Inc.,* 69 F.R.D. 663, 668 (N.D.Ga. 1975).

In its December 1, 1980 order referred to above, the Court eliminated all of plaintiff's claims under the Exchange Act and retained for trial only those claims under the common law of fraud and sections 12(1) and 12(2) of the Securities Act. Whether the plaintiff has stated a cause of action under the CFTC Act in light of *Rivers v. Rosenthal & Co.*, 634 F.2d 774 (5th Cir.1980), remains to be decided but will be considered at a later point herein. In the December 1, 1980 order the Court concluded that a genuine issue of material fact continues to exist as to whether plaintiff Westlake purchased a security from Lloyd, Carr. The fact which remains to be proved is whether or not plaintiff Westlake relied significantly on the advice of Bob Bala, his Lloyd, Carr salesman, in determining when to exercise his option. Such reliance is different in kind from the reliance spoken of in *Affiliated Ute* because the reliance yet to be proven here will determine *not* whether defendant caused plaintiff's harm, *but* whether plaintiff has stated a federal cause of action. While *Affiliated Ute* has stated that reliance associated with causation can be assumed for material violations of Rule 10b–5, the plaintiff has pointed the Court to no case which holds that class certification is proper where individual reliance will be determinative of whether or not a cause of action has been stated. Indeed, the cases from this district have held that where each plaintiff must prove his own reliance, class action is improper. *Elster v. Alexander*, 76 F.R.D. 440 (N.D.Ga.1977); *Amswiss International Corp. v. Heublein, Inc.*, 69 F.R.D. 663 (N.D.Ga.1975). *See also Mascolo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, [1975–76 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 95,470 (S.D.N.Y.1976).

▮ The Court must conclude that plaintiff's motion with respect to his claims under the Securities Act fails due to its inability to fulfill the requirements of Fed.R. Civ.P. 23(a)(2) and 23(b)(3). Each of several thousand plaintiffs must prove that he relied significantly on the advice of an individual Lloyd, Carr salesman with respect to when to exercise his commodity option in order to state a claim under the Securities

Act, for under this Court's order of December 1, 1980 he must have so relied to have purchased a security. *See* 504 F.Supp. at 342–43. The necessity of such proof invalidates plaintiff's argument that common questions of law or fact to be determined at trial either exist as required by Rule 23(a)(2) or predominate over individual questions to be determined as required by Rule 23(b)(3). Even if the initial contacts made by Lloyd, Carr salesmen with option purchasers were pursuant to standard "canned" scripts as plaintiff alleges, the question of whether the purchasers relied on the advice of the salesmen concerning when to exercise their options remains as an individualized one. Consequently, plaintiff's motion for class certification inasmuch as it seeks certification of a class of plaintiffs pursuing claims under the Securities Act is DENIED.

▮ Claims for recovery in common law fraud and deceit are found in Count V of the first amended complaint. These claims are based on state law and are before the Court under the pendent jurisdiction of the Court which exists whenever state and federal claims derive from a common nucleus of operative fact. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The complaint alleges that misrepresentations were made to plaintiff Westlake and the members of the plaintiff class with intent to deceive and defraud and to induce plaintiffs to purchase commodity futures options, knowing the misrepresentations were false when made. Plaintiffs allege they relied on these misrepresentations and paid money to defendants as a result.

Defendant Gage argues that plaintiff's common law claims are inappropriate for class certification because (1) the claim is grounded exclusively on alleged oral misrepresentations, and (2) it raises different questions of law and fact under the law of each state in which class members made purchases. Defendant points to *Simon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 482 F.2d 880, 882 (5th Cir.1973), wherein the

Court held class certification improper where the plaintiff failed to prove any standardized representations. In *Simon,* the plaintiff in his testimony premised his reliance on the oral touting of stock by defendant's account executive. *Id.* at 883. In addition, the Court noted that the geographical dispersion of the alleged representations would bring into issue various state common law standards, the situation which is the basis of defendant's second argument against certification of plaintiff's common law claims.

The plaintiff argues that on the basis of facts found in *Kelley v. Carr,* 442 F.Supp. 346 (W.D.Mich.1977), his motion should be granted. The facts in *Kelley,* plaintiff argues, show that Lloyd, Carr used uniform scripts and printed materials in selling commodity futures options to the public and that purchasers of these options were accorded standardized treatment by Lloyd, Carr salesmen. These alleged facts form the basis of plaintiff's argument that common questions of law and fact exist among the claims of all purchasers of the options sold by Lloyd, Carr.

Defendant Gage contests the Court's reliance on matters held proven in *Kelley v. Carr,* 442 F.Supp. 346 (W.D.Mich.1977), to determine whether the requirements of Rules 23(a)(2) and 23(b)(3) have been met. As the defendant points out, Rule 43(e) requires the Court to rely on facts already in the record, affidavits, or depositions presented by the parties when it considers a motion such as plaintiff's. Rule 43(e) and Fed.R.Evid. 802, which precludes reliance upon hearsay evidence, prohibit this Court from relying on facts proven in *Kelley* to measure the commonality of questions of law or fact on which the proposed plaintiff class bases its motion for certification. Consequently, the Court finds the record in this case lacks sufficient evidence to convince the Court that the majority of the representations on which the proposed plaintiff class relies for certification were uniform in content so as to present common questions of fact for trial. This deficiency in plaintiff's case, as well as a failure by plaintiff to establish common questions of law under various state common law theories, compels the Court to DENY plaintiff's common law fraud claims at this time.

Noting the Fifth Circuit's preference for allowing a plaintiff the opportunity to demonstrate common questions of law or fact before finally deciding whether certification is appropriate, *Grainger v. State Security Life Insurance Co.,* 547 F.2d 303, 307 (5th Cir.1977), the Court will allow the plaintiff to renew his motion for certification only with respect to his common law claims within forty-five (45) days of the filing of this order if he supplements the renewal thereof with the result of discovery showing uniform misrepresentations by Lloyd, Carr, the law applicable to the alleged 4700 fraudulent transactions, and the commonality of that law. The defendants shall have fifteen (15) days following the filing of any renewed motion to respond with opposing discovery documents. Each party may file one brief in support of his position which may not exceed ten (10) pages in length.

■ The Court now turns to that portion of plaintiff's complaint based on the CFTC Act. As noted earlier, the Fifth Circuit has held that no implied private right of action exists under the CFTC Act to redress commodity futures customers for damages sustained from their broker's violations of the antifraud provisions and broker registration requirements of that Act. *Rivers v. Rosenthal & Co.,* 634 F.2d 774 (5th Cir.1980). The statutes and rules forming the basis of plaintiff Westlake's complaint are 7 U.S.C. §§ 6b and 6k and 17 C.F.R. §§ 32.3, 32.5, and 32.9. *Rivers* expressly found no implied private cause of action to exist under all of these provisions except 17 C.F.R. § 32.5 which requires the disclosure of certain information in conjunction with the sale of commodity futures options.[3] The *Rivers* court concluded that in view of the reparations procedures and enforcement powers granted the CFTC in 1974 in 7 U.S.C. § 18, the Congress no longer intend-

---

**3.** Section 32.5 of Volume 17 of the C.F.R. was     not before the Court in *Rivers.*

ed claims under the CFTC Act to be brought initially in federal court. The *Rivers* analysis is surely broad enough to include plaintiff's claims under 17 C.F.R. 32.5, as well as his claims specifically covered in *Rivers.* Consequently, the Court DENIES plaintiff's motion for class certification inasmuch as it relies on the CFTC Act as no implied cause of action exists thereunder in this circuit.[4] In addition, the Court today GRANTS defendant Gage's motion for summary judgment on the third and fourth counts of the amended complaint (the CFTC Act claims) since the decision the Court was awaiting (*Rivers*) has now been decided in defendant Gage's favor.

Finally, plaintiff has moved for certification of a defendant class to include all office managers and/or brokers of Lloyd, Carr. *See* First Amended Complaint, Class Action Allegations, ¶ 8. Rule 23 allows for certification of defendant classes upon the same grounds that it provides for certification of plaintiff classes. However, a defendant class differs in vital respects from a plaintiff class and, as plaintiff has acknowledged, the very notion of a defendant class raises immediate due process claims.

For reasons not delineated in his brief, the plaintiff on March 9, 1981, requested the Court to defer consideration of the question of certification of the defendant class. The Court sees no need to defer ruling on this question because as defendant Gage has pointed out the alleged facts of this case fail to fulfill the requirements of Rule 23(a)(2). The proof of the liability as to many of the defendants is conceptually dissimilar. Much of what has been said with respect to the plaintiff class regarding the high degree of individual variance due to the prominence of oral representations in the case tends to suggest that the proof of liability for each defendant is sufficiently distinct to deny class treatment with respect to the defendants. Accordingly, that

portion of plaintiff's motion seeking certification of a defendant class is DENIED.

---

4. While the court realizes the Supreme Court has granted certiorari in a case similar to *Rivers, New York Mercantile Exchange v. Leist,* No. 80–757, 49 U.S.L.W. 3617 (February 24, 1981), that case has not yet been set for argument and will not be argued until the October 1981 term. The court believes that delaying this case further to await a ruling in *Leist* would be judicially inefficient. The Fifth Circuit has spoken clearly in *Rivers* and the law in this circuit is settled until the Supreme Court rules otherwise.